UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TAYLOR, | No. 2:25-cv-2816 CSK P |
| Plaintiff, | ORDER |
| v. | |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6  II.     THE CIVIL RIGHTS ACT

7          To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal
8  constitutional or statutory right; and (2) that the violation was committed by a person acting under
9  the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d
10 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the
11 facts establish the defendant's personal involvement in the constitutional deprivation or a causal
12 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
13 See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44
14 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable
15 for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679
16 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the
17 violation of the prisoner's constitutional rights can be established in a number of ways, including
18 by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,
19 or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,
20 1208 (9th Cir. 2011).

21 III.    PLAINTIFF'S COMPLAINT

22         Plaintiff names the State of California as the sole defendant.  (ECF No. 1 at 1.)  Initially,
23 plaintiff discusses an "attack or defamation on plaintiff in certain courts."  (Id.)  Plaintiff then
24 alleges that his personal health has been affected by poor water quality while he was incarcerated
25 at Deuel Vocational Institute ("DVI").  (Id. at 2.)  Plaintiff states he has been dealing with chronic
26 Stage II Renal disease since 2017.  (Id.)  Plaintiff then discusses his criminal conviction.  (Id. at
27 4.)  Plaintiff claims that when he was addressing his resentencing, he marked yes on the form
28 asking if he needed an attorney, yet he was never provided with one.  (Id. at 5.)  Plaintiff

appended a letter which claims he was housed at DVI for 132 days, before his transfer to Corcoran State Prison. (Id. at 6.) Plaintiff also states he was evaluated by Dr. Bryan, who diagnosed plaintiff with Stage II renal disease, and plaintiff was suffering from edema, hypertension, and uremia. (Id.) Despite communicating this to his primary care physician, plaintiff claims that nothing has been done. (Id.) Plaintiff does not set forth a request for relief.

## IV. DISCUSSION

### A. Defendant State of California

Plaintiff named the State of California as the sole defendant. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the State of California must be dismissed.

### B. Plaintiff's Allegations re Defamation

To the extent plaintiff attempts to bring defamation claims, plaintiff is advised that such claims do not rise to the level of a federal constitutional violation. See Paul v. Davis, 424 U.S. 693, 699-701 (1976) (holding defamation is not actionable under § 1983); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (holding that libel and slander claims are precluded by Paul); Whatley v. Gray, 2018 WL 828200, at *2 (S.D. Cal. Feb. 8, 2018); Sadler v. Dutton, 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), report and recommendation adopted, 2017 WL 3219479 (D. Mont. July 28, 2017). Plaintiff should not include such claims in any amended complaint.

### C. Plaintiff's Allegations re Conditions of Confinement

To the extent plaintiff attempts to challenge the conditions of confinement at DVI, plaintiff must allege facts meeting the following standards.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981);

1   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials must, however,
2   provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."
3   Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds
4   by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th
5   Cir. 2000).

6   Two requirements must be met to show an Eighth Amendment violation for
7   unconstitutional conditions of confinement.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).
8   "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal
9   quotation marks omitted).  And where this is an allegation concerning "a failure to prevent harm,
10  the inmate must show that he [was] incarcerated under conditions posing a substantial risk of
11  serious harm." Id.

12  Second, "a prison official must have a sufficiently culpable state of mind," which for
13  conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal
14  quotation marks omitted).  Prison officials act with deliberate indifference when they know of and
15  disregard an excessive risk to inmate health or safety.  Id. at 837.  The circumstances, nature, and
16  duration of the deprivations are critical in determining whether the conditions complained of are
17  grave enough to form the basis of a viable Eighth Amendment claim.  Johnson, 217 F.3d at 731.
18  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather,
19  the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d
20  1124, 1128 (9th Cir. 1998).

21  Here, plaintiff fails to identify an individual responsible for the alleged deprivation, or
22  demonstrate that such individual acted with a culpable state of mind.  Thus, plaintiff's complaint
23  must be dismissed with leave to amend.

24        D.  Plaintiff's Allegations re Medical Care
25  It is unclear whether plaintiff attempts to challenge his medical care.  But if plaintiff
26  intends to challenge his medical care, plaintiff must name the responsible individual and allege
27  facts meeting the following standards governing Eighth Amendment medical claims.
28  To state an Eighth Amendment claim that a prison official is deliberately indifferent to an

1  inmate's serious medical needs in violation of the Eighth Amendment, the plaintiff must show
2  that the prison official knew that a prisoner faced a substantial risk of serious harm and
3  disregarded that risk by failing to take reasonable steps to abate it.  Farmer, 511 U.S. at 837; Jett
4  v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate indifference
5  requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a
6  prisoner's condition could result in further significant injury or the 'unnecessary and wanton
7  infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."
8  Id.  Under the relevant Eighth Amendment standard, "prison officials who actually knew of a
9  substantial risk to inmate health or safety may be found free from liability if they responded
10 reasonably to the risk, even if the harm ultimately was not averted."  Farmer, 511 U.S. at 844 ("A
11 prison official's duty under the Eighth Amendment is to ensure reasonable safety") (internal
12 quotation marks and citation omitted).  To be deliberately indifferent in violation of the Eighth
13 Amendment, a prison official must have a subjective "state of mind more blameworthy than
14 negligence," akin to criminal recklessness.  Id. at 835, 839-40.

15      Negligence allegations are insufficient.  Deliberate indifference "requires more than
16 ordinary lack of due care."  Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting
17 Farmer, 511 U.S. at 835).  The indifference to the prisoner's medical needs must be substantial --
18 negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of
19 a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence
20 constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

21      E.   Plaintiff's Allegations re Underlying Criminal Case and Habeas Relief
22      Plaintiff is advised that he cannot seek release from custody through a civil rights
23 complaint.  As a general rule, a claim that challenges the fact or duration of a prisoner's
24 confinement should be addressed by filing a habeas corpus petition, while a claim that challenges
25 the conditions of confinement should be addressed by filing a civil rights action.  See Wolff v.
26 McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973);
27 Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).
28      Plaintiff's first habeas petition filed in this court was Taylor v. Frawley, No. 2:24-cv-1576

CSK DAD (E.D. Cal.).[1]  On August 13, 2025, this Court recommended that the petition be denied as barred by the statute of limitations, and the findings and recommendations are pending the district court's review.  Plaintiff is advised that in any amended civil rights complaint, plaintiff should refrain from discussing his underlying criminal cases or prior habeas petitions.

V.   LEAVE TO AMEND

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which responsible defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  However, the Court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff must identify the relief he seeks through his civil rights complaint.

A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ.

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George, 507 F.3d at 607.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is required to file his amended complaint on the court's form for filing a civil rights complaint by a prisoner.

VI.   PLAINTIFF'S SUBSEQUENT FILINGS

On October 14, 2025, plaintiff wrote a letter discussing his habeas petition, his challenge to his resentencing, and the failure to appoint him counsel.  (ECF No. 4.)  As discussed above, plaintiff's habeas challenge is not pertinent to plaintiff's civil rights claims.  Therefore, this filing is disregarded.  Plaintiff should refrain from submitting such filings in the future.

On October 20 and 24, 2025, plaintiff filed two requests for change of venue.  (ECF Nos. 5, 6.)  Plaintiff appears to seek a change of venue "from this state."  (Id.)  Plaintiff does not

identify the state to which he wants to change venue.

A civil rights action may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Here, as discussed above, plaintiff has not identified a proper defendant, and all of the incidents alleged by plaintiff took place in California.  Therefore, plaintiff's requests for change of venue are denied.

VII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall be filed on the court's form for filing a civil rights complaint by a prisoner, and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."
Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. Plaintiff's October 14, 2025 filing (ECF No. 4) is disregarded.

    6. Plaintiff's requests for change of venue (ECF Nos. 5, 6) are denied.

    7. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: December 2, 2025

                                                     CHI SOO KIM  
                                                   UNITED STATES MAGISTRATE JUDGE

/1/tayl2816.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TAYLOR,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA,<br><br>          Defendant. | No. 2:25-cv-2816 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff