UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR TAYLOR,

         Plaintiff,

    v.

STATE OF CALIFORNIA,

         Defendant.

No.  2:25-cv-2816 CSK P

ORDER

      Plaintiff is a state prisoner proceeding pro se.  On December 2, 2025, plaintiff's complaint was dismissed, and plaintiff was granted thirty days to file an amended complaint.  (ECF No. 8.)  On December 29, 2025, plaintiff filed the Notice of Amendment form to which he added, "Object Motion."  (ECF No. 11.)  In his filing, plaintiff objects to the undersigned, alleging that he wants Judge Kim barred from plaintiff's case.  (Id. at 1-2, 6.)  Plaintiff also states that he doesn't "have to attempt to bring a defamation claim" because he suffers from stage III chronic renal disease and needs to reverse his 20 year prison sentence.  (Id. at 6.)  Plaintiff also claims he wants to find out where his child is, claims ineffective assistance of counsel apparently in connection with his underlying criminal trial.  (Id. at 3, 6.)

      First, it appears plaintiff seeks to disqualify the undersigned.  Pursuant to 28 U.S.C. § 455, a magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party.  In

1

plaintiff's motion for disqualification, he speculates that the undersigned is biased against plaintiff. The Court does not find disqualification is appropriate in this matter.

Second, plaintiff is advised that allegations concerning his underlying criminal trial are not properly raised in a civil rights action. Rather, if plaintiff wishes to challenge his underlying criminal conviction, he must do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Third, plaintiff's objections do not specifically address the deficiencies identified in this Court's screening order. This action cannot proceed unless plaintiff files an amended complaint identifying individuals responsible for the constitutional violations he alleges took place. (ECF No. 8.) The Court is sympathetic to plaintiff's serious medical condition, but in order to pursue a civil rights action in federal court, plaintiff must set forth specific facts demonstrating his federal rights were violated by an individual acting under color of state law. (ECF No. 8 at 3.)

Finally, on January 9, 2026, plaintiff filed a document styled, "Unfair Justice System of Law," directed to the Attorney General, in which he claims to seek "retrial of all of these cases." (ECF No. 12.) However, plaintiff did not sign this document. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Normally the Court would grant plaintiff leave to re-file the document bearing plaintiff's signature. However, plaintiff is advised that if he seeks retrial or reconsideration of a particular case, he must file that motion in the particular case in which he seeks reconsideration. Thus, plaintiff's January 9, 2026, document is denied without prejudice to its refiling in the appropriate case.

In conclusion, in an abundance of caution, the Court grants plaintiff an extension of time to file an amended complaint that complies with the Court's December 2, 2025 order. (Id.) Plaintiff is cautioned that failure to file an amended complaint will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for disqualification (ECF No. 11) is denied.

2. Plaintiff's January 9, 2026 request (ECF No. 12) is denied without prejudice.

2

3.  Plaintiff is granted thirty days from the date of this order in which to file an amended complaint that complies with the December 2, 2026 order (ECF No. 8).

Dated:  March 17, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tayl2816.ext.rec

3